## Angert et al. v. Schultz

*Irving J. Kopf*, for plaintiffs.
*George A. Detweiler*, for defendant.

FLOOD, J., January 5, 1949.—Plaintiffs sued minor defendant in trespass because of a collision between a

motor vehicle driven by defendant with one owned by plaintiffs and driven by plaintiff Angert. Defendant minor was served on June 12, 1948. A guardian ad litem was appointed on September 29, 1948. On November 10, 1948, the guardian filed a petition for severance of the claims of the two plaintiffs and a petition for extension of time for joining Angert as an additional defendant in the case of plaintiff Neimand.

Pa. R. C. P. 2253 provides that no præcipe for a writ to join an additional defendant shall be filed by original defendant later than 60 days after the service upon him of the initial pleading of plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown. Plaintiffs argue that since more than 60 days have expired since the service of the complaint upon defendant and no reason is given for the delay in filing, the court will abuse its discretion by allowing the bringing in of an additional defendant. See Goodrich-Amram, sec. 2253-3. They point out in their brief that defendant has apparently been represented by counsel since shortly after service upon him and that service upon him was properly made over 60 days before the petition was filed.

We think that the mere fact that defendant was a minor and that no guardian was appointed for him until a time less than 60 days before the filing of this petition is sufficient cause for an extension. While it is true that the minor can be served without the appointment of any guardian for him, yet the Procedural Rules and the cases indicate that no action that substantially prejudices his rights can be taken before a guardian is appointed. Under Pa. R. C. P. 2034 judgment against a minor, when he is not represented by a guardian, may be vacated; if a verdict is entered against him when he is not represented, a new trial may be ordered; if it is ascertained during the trial

that he is unrepresented a stay of proceedings may be allowed. It seems to us that the situation before us is analogous to the last mentioned situation provided for in Pa. R. C. P. 2034(a).

While it is true that rule 2034(a) provides for a stay of proceedings and has to do only with the remedy of one other than the minor, yet it seems clear from all of the rules relating to minors as parties that if the minority of a party is ascertained before trial, the court should see that proper steps are taken for a guardian to be appointed and grant a stay of proceedings if necessary for the protection of the minor's interest. Here what is being asked for is in effect a stay of the running of the 60 days' period until after the guardian has been appointed. We think that our discretion can be exercised in only one way in such a situation. The minor must be given 60 days after the appointment of a guardian to file his petition for severance and his præcipe to join an additional defendant.

The mere fact that the minor may have engaged counsel earlier and that the counsel may have taken certain proceedings is of no more effect than if the minor himself had done the things that counsel had done for him. Until his interests are represented by a guardian as provided for in Pa. R. C. P. 2027, it does not seem to us that any action taken by the minor in the proceedings can prejudice his rights, except a false affidavit as to his age under Pa. R. C. P. 2032 and 2034 and perhaps as to any other matter under Pa. R. C. P. 2036.

Our conclusion in this regard is reinforced by the provision of Pa. R. C. P. 2028(a) that an action in which a minor is plaintiff shall be entitled "A, a Minor, by B, his Guardian", against the party defendant. Pa. R. C. P. 2255(a) provides that the procedure, including pleadings, between the party joining an addi-

tional defendant and additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and additional defendant were a defendant. Under Pa. R. C. P. 2255(a) the minor is plaintiff insofar as the joinder of additional defendant is concerned. If so, he cannot file his præcipe to join until a guardian appears on the record for him. Since, therefore, he was not in a position to file during the original 60-day period because he had no guardian of record, we do not see how we can rule against him.

The petitions must be granted.